17560

J. D. STROY, Appellant, v. MILLWOOD DRUG STORE, INC. and American Casualty Company, Respondents

(109 S. E. (2d) 706)

*Lewis C. Trice,* Esq., of Columbia, *for Appellant,*

*Messrs. Whaley & McCutchen,* and *Hoover C. Blanton.* of Columbia, *for Respondents,*

August 4, 1959.

OXNER, Justice.

This is an appeal from an order of the Circuit Court reversing and setting aside an award for compensation upon

the ground that any right thereto was barred by the action of the employee in prosecuting to a final conclusion an action for damages against a third party.

On November 25, 1957, appellant, a 20 year old Negro, while riding a motorcycle in the course of his employment with respondent Millwood Drug Store, Inc., sustained severe personal injuries as a result of a collision in the City of Columbia between said motorcycle and a taxicab owned and operated by the Checker Cab Company. On December 6, 1957, eleven days later, he brought suit against the Checker Cab Company for $15,000.00 alleging that his injuries were caused by the negligence and wilfulness of the driver of said taxicab. An answer was filed in due course by the Checker Cab Company in which it admitted that the driver of the taxicab was its agent but otherwise entered a general denial as to liability and further set up a plea of contributory negligence.

No notice of the accident was given to the Industrial Commission until February 20, 1958. Seven days later the Commission wrote the insurance carrier, respondent American Casualty Company, requesting employer's first report of injury. The Insurance Company promptly complied with this request and also informed the Industrial Commission that it was its understanding that appellant had elected to proceed against a third party. Thereafter on March 20, 1958, the common law action against the Checker Cab Company was tried and resulted in a verdict of the jury in favor of the defendant, upon which judgment has been entered.

On March 21, 1958, the day after the trial, appellant's attorney wrote the Industrial Commission requesting a hearing, which was later held. The employer and insurance carrier made timely objection to the jurisdiction of the Commission upon the ground that any right to compensation was barred by the action of claimant in prosecuting his common law action to a final conclusion. This objection was overruled and thereafter testimony taken. On October 21, 1958, the hearing Commissioner filed an order awarding compensation.

This award was affirmed by the full Commission on January 5, 1959. Upon appeal by the employer and carrier to the Court of Common Pleas, the award was set aside by the presiding Judge of that Court on January 28, 1959.

The Circuit Judge based his conclusion that the right to compensation was barred upon *Taylor v. Mount Vernon-Woodbery Mills, Inc.*, 211 S. C. 414, 45 S. E. (2d) 809, and *Gardner v. City of Columbia Police Department*, 216 S. C. 219, 57 S. E. (2d) 308. Before discussing these cases it may be helpful to briefly review the provisions of our Workmen's Compensation Act relating to actions by an employee against a third party tort feasor and the right of subrogation given the employer.

Section 72-122 of the 1952 Code permits an employee having a right to recover damages against a person other than his employer, to "institute an action at law against such third person before an award is made under this Title and prosecute it to its final determination". But under the terms of Section 72-123, "either the acceptance of an award under this Title or the procurement and collection of a judgment in an action at law shall be a bar to proceeding further with the alternate remedy".

Section 72-124 provides that an acceptance of an award for compensation against an employer "shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other person for such injury or death and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative the legal liability of such other person. * * *" Section 72-125 requires that any amount collected by the employer in excess of that for which he is liable be held for the benefit of the injured employee or other person entitled thereto, and forbids any compromise settlement by the employer "in the exercise of his right of subrogation without the approval of the Commission being first had and obtained."

Under the terms of Section 72-126, whenever an employer or his carrier has become subrogated to the right of an employee to recover damages against a third party causing an injury and refuses to bring an action against such third party for three months after being requested to do so by the employee, such employee "may bring an action in his own name and for his own benefit against such third party".

In *Taylor v. Mount Vernon-Woodberry Mills, Inc., supra,* 211 S. C. 414, 45 S. E. (2d) 809, 813, an employee was injured in an automobile accident on October 18, 1943. On November 26th, without the knowledge or consent of his employer, he settled his claim against the third party tort feasors for $1,330.00 and released them from all liability. On June 12, 1944, he filed with the Industrial Commission a claim for compensation against his employer. After a hearing, the Commission made an award of compensation and credited same with the $1,330.00 which had been paid by the third parties. This award was affirmed by the Circuit Court. The employer appealed, contending (1) that the settlement with the third parties constituted an election to proceed at common law, and (2) that the release destroyed its right of subrogation against the third parties. Both of these contentions were sustained by this Court and the award set aside. We held (1) that settlement with the third parties was tantamount to the procurement and collection of a judgment within the contemplation of Section 72-123 and, therefore, constituted a bar to a proceeding for workmen's compensation, and (2) that the destruction of the employer's right of subrogation barred any right to compensation. In discussing the last mentioned ground, the Court said:

"A fair and equitable construction of our statute is that if the employer's or the insurance carrier's statutory right of subrogation is destroyed by the act of the employee, the latter's right to compensation is thereby barred. In the case before us, that is precisely what has happened. Should the

appellant pay compensation to the injured employee, under the Act it would be entitled to subrogation to the rights of the respondent against the third parties whom he released from liability. But should the appellant employer then proceed against such third parties, it would be met with a valid and binding release which would be a complete bar to such a suit. In other words, the employer would find the statutory right to subrogation to have been destroyed by the voluntary act of the employee."

There was a strong dissenting opinion by Mr. Justice Stukes, now the Chief Justice of this Court. It was his view that the compromise settlement made by the employee was not tantamount to the "procurement and collection of a judgment in an action at law", so as to bar compensation under Section 72-123. He was further of opinion that the right of subrogation was not extinguished, stating that the release was not binding on the employer and did not preclude it from suing the third parties. Nor did he think any prejudice resulted to the employer from the release since it had been given credit on the award for the amount received in the settlement. But the majority of the Court took a different view.

The precise question presented in the above case again rose in *Gardner v. City of Columbia Police Department,* 216 S. C. 219, 57 S. E. (2d) 308. We there followed the *Taylor case.*

We agree with the Court below that these two decisions control the instant case. Appellant seeks to distinguish them by pointing out that he collected nothing from the Checker Cab Company, while in each of the foregoing cases, the employee received a substantial sum in settlement from the third party. But the award in the *Taylor case* did not permit double recovery, for upon it the Industrial Commission entered a credit of $1,330.00 paid by the third parties in settlement. Doubtless this same procedure was followed in the *Gardner case* although it is not mentioned in the opinion.

It is also contended that respondents' right of subrogation has not been prejudiced for the verdict of the jury conclusively shows that appellant never had any valid claim against the Checker Cab Company and, therefore, there was no right to be subrogated. Stated differently, it is said that since there has been an adjudication that no right of action ever existed against the Checker Cab Company, there could of necessity be no prejudice to the right of subrogation. But appellant overlooks the fact that respondents had no voice in the litigation against the Checker Cab Company. Under the statute the employer, upon the payment of an award, is subrogated to any right of the employee to recover damages against a third party causing his injury, which right may be enforced in his own name or that of the employee. In *Fuller v. Southern Electric Service,* 200 S. C. 246, 20 S. E. (2d) 707, 710, the Court said:

"The Compensation Law assigns the injured person's right of action against a tortfeasor to the employer or to the employer's insurer and enables the assignee to maintain the action which the employee could have maintained had no such assignment been made. 2 Schneider's Workmen's Compensation, Section 466. In such case the action is prosecuted, not in behalf of the injured employee, or of the persons designated as beneficiaries of the recovery, but in behalf primarily of the employer or of the insurance carrier."

The right of the assignee in such a suit to select his or its own counsel and control the litigation is a valuable one, the loss of which is clearly prejudicial. Should respondents pay this award and undertake to bring an action against the Checker Cab Company, they would be met at once under the *Taylor case* with a plea of *res judicata.*

Apart from the foregoing, it appears that prior to the trial of the action against the Checker Cab Company, appellant refused an offer of $500.00 in settlement. It was clearly prejudicial to the right of subrogation to decline this offer without the consent of respondents.

In Larson's Workmen's Compensation Law, Volume 2, Section 73.22, page 202, it is stated: "Since the object of third party statutes is to effect an equitable adjustment of the rights of all the parties, it would defeat this objective to allow the employee to demand compensation from the employer after having destroyed the employer's normal right to obtain reimbursement from the third party."

Little aid can be obtained from decisions in other jurisdictions because the effect on the right to compensation of the election of an injured employee to sue a third person wrongdoer liable for the injury varies under the different compensation acts. Under some acts it bars the right to compensation, under other acts it does not bar the right to compensation but both damages and compensation cannot be collected, and under still other acts both damages and compensation may be collected.

There is likewise considerable lack of uniformity with reference to the employer's right of subrogation. Under some acts he is given no such right. In a few States upon payment of an award the employee's cause of action is assigned to the employer unconditionally. Under most acts the employer is given the right of subrogation but any amount recovered in excess of the compensation award goes to the injured employee. There is also some variation as to who has the first right to sue. In a few States the right is given primarily to the employer but if he fails within a stipulated time to bring the suit after being requested to do so, the employee may sue. Our act comes within the last category.

Where the right of subrogation is given, it is almost uniformly held that the employee must not do anything that impairs or extinguishes such right. This is recognized in most of the decisions cited in appellant's brief. It must be conceded, however, that one of the cases cited, *Rowe v. Rowe-Coward Co.,* 208 N. C. 484, 181 S. E. 254, rather sustains appellant's contention in the instant case. There the employee sued the third party tort feasor by way of counterclaim for personal injuries. The jury rendered an

adverse decision and the employee collected nothing from the third party. He thereupon renewed the prosecution of his claim for workmen's compensation. In construing an Act similar to ours, the Court held that his right to compensation was not barred. This case was cited by Mr. Justice Stukes in his dissenting opinion in *Taylor v. Mount Vernon-Woodberry Mills, Inc., supra,* 211 S. C. 414, 45 S. E. (2d) 809. But a majority of the Court declined to follow the *Rowe case.*

We conclude that appellant's right to compensation is now barred. The only other question we need consider is respondents' appeal from the order of the trial Judge settling the case. We think he erred in excluding the fact shown in the appendix that appellant had declined an offer of settlement of $500.00 in his common-law action. We think this was material to the appeal and should have been included. All other matters proposed by respondents were properly excluded.

Judgment affirmed.

TAYLOR, LEGGE and Moss, JJ., concur.

STUKES, C. J., concurs in result.