21639

SOUTH CAROLINA INSURANCE COMPANY, Appellant, v. George F. ESTRADA, Respondent-Appellant, and State Farm Insurance Company, Respondent.

(287 S. E. (2d) 475)

*George H. O'Kelley, of O'Kelley, Fordham & Reid,* Beaufort, *for appellant.*

*John U. Bell, III, of Nelson, Mullins, Grier & Scarborough,* Columbia, *for respondent.*

*Robert C. Elliott, of Hyatt & Elliott,* Columbia, *for respondent-appellant.*

February 9, 1982.

NESS, Justice:

This is an action involving an uninsured motorist. Both SCIC (South Carolina Inusrance Company) and Estrada appealed. We affirm and dismiss.

Estrada was injured in an accident while driving a car owned by Patricia Sullivan. Estrada obtained judgment for $60,000.00 against the uninsured driver of the other vehicle. Estrada then notified his insurer, SCIC, and State Farm, insurer of Sullivan's automobile, of his intent to "stack" the uninsured motorist coverage of both policies.

Initially SCIC sought summary judgment declaring State Farm to be Estrada's primary insurer. State Farm asserted it owed no coverage, contending Estrada was not a permissive user of the Sullivan vehicle. Estrada answered alleging numerous claims, including an allegation that SCIC acted in bad faith by refusing to settle or pay his claims earlier.

Subsequent to the filing of this appeal, in a separate trial, it was determined Estrada did not have permission to use Sullivan's vehicle, thus relieving State Farm of any liability under Sullivan's uninsured motorist coverage. SCIC and Estrada conceded at oral argument that this determination renders all issues concerning State Farm's liability moot.

This leaves for consideration only those exceptions raised by Estrada.

These exceptions are improper under Supreme Court Rule 4, § 6 for failing to contain a complete assignment of error. The appeal is dismissed. *Diamond v. Powell,* 271 S. C. 183, 246

S. E. (2d) 233 (1978); *Williams v. Regula,* 266 S. C. 228, 222 S. E. (2d) 7 (1976).

Dismissed.

Lewis, C. J., and Littlejohn, Gregory and Harwell, JJ., concur.