## 21697

Bluette E. FISHER, Appellant, v. SOUTH CAROLINA DEPARTMENT OF MENTAL RETARDATION-COASTAL CENTER, and State Workmen's Compensation Fund, Respondents.

(291 S. E. (2d) 200)

*E. Graydon Shuford*, Decatur, Ga., *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Senior Asst. Atty. Gen. John P. Wilson*, Columbia, *for respondents.*

April 26, 1982.

NESS, Justice:

Appellant, Fisher, seeks additional benefits under South Carolina Workmen's Compensation Law after making a compromise settlement with a third-party tort-feasor without the consent of the carrier. The single commissioner, full commission, and circuit court agree the claimant, Fisher, elected a remedy against a third party without compliance with § 42-1-560 of the S. C. Code of Laws (1976), and, having done so, has no further remedy under the South Carolina Workmen's Compensation Act. We agree and affirm.

Fisher was injured in a fall at a Sears, Roebuck & Company store while shopping for clothes for his employer, S. C. Department of Mental Retardation. It is undisputed that Fisher suffered a compensable injury. Fisher's compensation claim was dismissed pursuant to §42-1-550 and § 42-1-560, S. C. Code of Laws (1976), for lack of jurisdiction.

Although appellant's sole exception is improper under Supreme Court Rule 4, § 6 for failure to state a complete assignment of error, nevertheless we address the merits of the case. S. C. *Insurance Company v. Estrada,* 287 S. E. (2d) 475 (S. C. 1982).

Under case law a claimant has three remedies for job-related injuries.

(1) To proceed solely against the employer thereby allowing the employer-carrier the opportunity to pursue reimbursement against the third party for its obligated payments.

(2) To proceed solely against the third-party tort-feasor under §42-1-550 by instituting and prosecuting an action at law; and

(3) To proceed against both the employer-carrier and the third-party tort-feasor by complying with § 42-1-560.

Section 42-1-560 sets forth the terms and conditions which much be met if the injured employee is to pursue both remedies simultaneously. It further provides for a carrier's lien on the proceeds of the third party recovery to the extent of the total amount of compensation including medical and other expenses paid or to be paid. Moreover, the carrier's lien cannot be reduced without its consent and no compromise settlement between the employee and third party can be made binding on the carrier without its consent or either the approval of the commission. (Subsection f).

While § 42-1-560 does not specifically state that settlement with a third party without the carrier's consent constitutes an election of remedies, it is clear from a reading of the statute that the legislature did not intend for a claimant to settle his third party case without regard to the employer's rights for subrogation under § 42-1-550 and still maintain a workmen's compensation claim.

The object of § 42-1-560 is to effect an equitable adjustment of the rights of *all* the parties. It would "defeat this objective to allow the employee to demand compensation from the employer after having destroyed the employer's normal right to obtain reimbursement from the third

party." *Stroy v. Millwood Drug Store, Inc.,* 235 S. C. 52 at 59, 109 S. E. (2d) 706 (1959).

Appellant's noncompliance with the statutory procedure and disregard for the rights and remedies of the carrier violates the spirit of the act. It is clear Mrs. Fisher made an election and has waived any rights she may have had under the South Carolina Workmen's Compensation Law.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.