22273

Robert L. TALLEY, et al., Appellants, v. JOHN-MANSVILLE SALES COR-
PORATION, Owens-Illinois, Inc., Owens-Corning Fiberglass Corpora-
tion, The Celotex Corporation, Raybestos-Manhattan, Inc., National
Gypsum Company, Unarco Industries, Inc., Fibreboard Corporation,
Armstrong World Industries, Inc., Nicolet, Inc., Forty-Eight Insulation,
Inc., Eagle-Picher Industries, Inc., Covil Corporation, Keene Corpora-
tion, GAF Corporation, Rock Wool Manufacturing Co., Inc., North Broth-
ers, Inc., Carey Canada, Inc., Combustion Engineering, Inc., Pittsburgh
Corning Corporation, AC & S, Inc., Amatex Corporation, Inc., Amchem,
Inc., Vimasco Corporation, John-Mansville Amiante Canada, Inc., and
C. E. Thurston & Sons, Inc., Respondents.

(328 S. E. (2d) 621)

Supreme Court

*Stevens, Stevens, Thomas, Hearn & Hearn,* Loris, *Blatt and Fales,* Barnwell, *for appellants.*

*Young, Clement, Rivers & Tisdale,* Charleston, *Love, Thornton, Arnold & Thomason,* Greenville, *for respondents.*

Heard Nov. 14, 1985.

Decided April 2, 1985.

GREGORY, Justice:

This is a consolidated appeal arising from several products liability actions against various asbestos manufacturers. The cases are approaching trial and settlement negotiations are taking place.

Appellants moved before the Industrial Commission under S. C. Code § 42-1-560(f) to have settlement offers approved. The Industrial Commission refused to approve the settlements, ruling they had no jurisdiction because appellants were not yet disabled.

Had appellants concluded their products liability actions, by settlement or otherwise, they would have made a binding election of remedies under *Fisher v. S. C. Dept. of Mental Health,* 227 S. C. 573, 291 S. E. (2d) 200 (1982), and would be barred from pursuing benefits under Worker's Compensation at a later date. Therefore, appellants moved to stay their third party actions until their Worker's Compensation actions were resolved. In the alternative, they moved for voluntary nonsuits without prejudice.

The trial judge denied the motion for a stay. He did grant the motions for voluntary nonsuits, subject to appellants paying the respondents' attorneys' fees. These ranged from Eight Thousand, Seven Hundred ($8,700.00) Dollars to Thirty Thousand ($30,000.00) Dollars per appellant. This appeal followed.

Asbestosis is a progressive disease. It may be diagnosed many years before it disables its victims. The statute of limitations for a third party action generally runs from the date of diagnosis.

On the other hand, a claim under the Occupational Disease Act does not vest until the employee becomes disabled or a carrier admits liabilty. *See Vespers v. Springs Mills,* 276 S. C.

94, 275 S. E. (2d) 882 (1981); *Drake v. Raybestos-Manhattan, Inc.*, 241 S. C. 116, 127 S. E. (2d) 288 (1962); S. C. Code Ann. §§ 42-11-10, 42-11-20, 42-11-60 and 42-11-110 (1976 and 1983 Cum. Supp.).

Appellants' dilemma is readily apparent. If they bring and conclude their third-party actions, they will be barred from seeking Worker's Compensation by the *Fisher* rule. If they wait until they become disabled for the purposes of Worker's Compensation, their third-party actions will be barred by the statute of limitations.

Appellants argue that this Court should carve an exception to Section 42-1-560(f) as interpreted by *Fisher*. Such a change is the function of the legislature, and this Court refuses to usurp legislative authority in this matter.

The operation of the *Fisher* rule creates an unjust result in these cases; however, appellants are not without a remedy.

Under these circumstances, the trial judge abused his discretion in refusing to grant the stay requested by appellants. Such a stay would best serve the interests of all parties involved in the growing asbestosis litigation.

Therefore, we reverse the order of the trial judge and remand for entry of any order staying these actions until the occurrence of one or more of the following events:[1]

    A. Appellants' disabilities allow the Industrial Commission to take jurisdiction; or

    B. One or more Workers' Compensation Carriers accept liability and the Industrial Commission takes jurisdiction; or

    C. Appellants move for the stay to be lifted; or

    D. The legislature solves this dilemma.[2]

Appellants also object to the award of attorneys' fees; however, since the stay has been ordered, the nonsuits will not be taken and the issue is moot.

---

[1] Of course, the occurrence of these events and the duration of the stay must be determined under the facts of each individual case.

[2] We realize the terms of the stay could delay resolution of these cases for years, and stress that such a stay is proper only under the most exceptional circumstances; however, the inequity created by *Fisher* in these cases is the clearest example of such circumstances.

Reversed and remanded.

HARWELL, J., and CURTIS G. SHAW and FRANK EPPES, Acting Associate Justice, concur.

LITTLEJOHN, C. J., dissenting.

LITTLEJOHN, Chief Justice, dissenting:

I respectfully dissent and would affirm the order of Judge John Hamilton Smith.

The several actions were commenced in 1979, 1980, 1981 and 1982 by claimants allegedly suffering from asbestosis. They seek recovery from various manufacturers and distributors from exposure to asbestos products, primarily based on theories of negligence, breach of warranty and strict liability in tort. No claims for workmen's compensation have been filed. No disability, as defined by our Workmen's Compensation Statute, has developed and conceivably many or even all of the claimants may never have a disability warranting workmen's compensation.

Claims of the type pursued in these actions are subject to our statute of limitations. They must be brought within the allotted time and should be disposed of in routine fashion. Judge Smith took the position, and I agree, that the defendants are entitled to have the litigation ended by trial. The gravamen of the majority holding is to prolong the statute of limitations and void it sofar as these actions are concerned. If the dilemma is unfortunate for these plaintiffs, it is because of the statutory law which declares the rights of the parties.

I agree with the trial judge's order when he said:

> Courts generally employ a 'stay' of proceedings when there is another issue pending between the same parties in another action and the resolution of that issue will affect the action sought to be stayed. 1 Am. Jur. (2d) Abatement, Survival and Revival Sec. 3.
> The Plaintiffs in the present action do not seek a stay to resolve any issue in another action that would bear on these cases. The entitlement of the Plaintiffs' to workmen's compensation has nothing to do with the merits of the pending actions.
> Here it is unknown how long these matters would have to

be stayed but certainly it would be years. In the interim the Defendants still must retain attorneys to protect their interests and the cases will be reflected on financial records as potential carrying these lawsuits on the dockets of the courts as pending matters.

In staying proceedings, the trial judge should have a wide discretion. The litigants here are not entitled to a stay as a matter of law, and I find no abuse.
I would affirm.