0909

Sam JOHNSON, Respondent v. PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY, Appellant.

(354 S. E. (2d) 791)

Court of Appeals

*Mary Layton Wells*, and *Alvin A. Coleman, Jr.*, Florence, for appellant.

*Benny R. Greer*, Darlington, *for respondent*.

Heard Jan. 26, 1987.

Decided March 23, 1987.

GOOLSBY, Judge:

The issues in this workers' compensation case relate to whether an insurance policy issued by the appellant Pennsylvania Millers Mutual Insurance Company provided workers' compensation coverage to the respondent Sam Johnson and to whether Johnson waived his right to workers' compensation benefits by litigating a third party claim. The single commissioner and the full commission held that Johnson was not covered under the Pennsylvania Millers

policy and that Johnson made an election of remedies by pursuing the third party claim, thereby waiving any rights he had to workers' compensation benefits. The circuit court reversed and remanded the matter to the South Carolina Workers' Compensation Commission for it to determine the amount of benefits due Johnson. We vacate the circuit court's order and remand the case to the Workers' Compensation Commission for further proceedings consistent with our opinion.

Johnson was a partner and the general manager of the Ammons and Johnson Grain Company, a partnership engaged in the grain storage business.

Until 1980, the Insurance Company of North America (INA) carried Ammons and Johnson's workers' compensation insurance. Pennsylvania Millers provided other insurance coverage to the partnership.

In 1980, Johnson met with representatives of Pennsylvania Millers to discuss changing the partnership's workers' compensation insurance from INA to Pennsylvania Millers. During the twenty years that Ammons and Johnson carried insurance with Pennsylvania Millers, all changes in its insurance coverage, Johnson testified, were made orally.

Johnson also testified that he and the Pennsylvania Millers representatives reviewed the INA policy and discussed the premium that would be charged to cover Johnson with workers' compensation under a policy issued by Pennsylvania Millers.

James Davis, a Pennsylvania Millers representative, testified that he discussed providing general workers' compensation insurance to Ammons and Johnson and that, so far as he knew, Johnson never specifically requested "coverage as a partner."

On September 30, 1980, Ammons and Johnson switched its workers' compensation insurance from INA to Pennsylvania Millers. The workers' compensation policy issued by Pennsylvania Millers expressly covered "local managers."

Johnson injured himself several months later in an accident arising out of and in the course of his employment as manager of the grain company.

Johnson commenced a workers' compensation action on April 30, 1982. Pennsylvania Millers admitted the accident,

but denied that its policy with Ammons and Johnson covered Johnson.

Before the Workers' Compensation Commission conducted a hearing upon Johnson's claim, however, Johnson pursued a third party action against Carolina Freight Carriers. The third party action resulted in a verdict in favor of Carolina Freight Carriers.

The Workers' Compensation Commission then held a hearing on Johnson's workers' compensation claim.

The single commissioner held that the Pennsylvania Millers policy did not cover Johnson because Johnson did not comply with the requirements of Section 42-1-130 of the South Carolina Code of Laws (1976) in that Johnson "filed" no election to be covered as an employee.

The single commissoner also held that Johnson, by litigating the third party action, elected his remedies and thereby waived any rights he had to workers' compensation benefits.

Johnson appealed to the circuit court after a majority of the full commission affirmed the single commissioner.

The circuit court held that an error of law controlled the single commissioner's finding, which was affirmed by a majority of the full commission, that Pennsylvania Millers' policy did not provide workers' compensation coverage to Johnson. It concluded that the term "local manager," as used in Pennsylvania Millers' policy, included Johnson, Ammons and Johnson's "general manager." The circuit court also held that Johnson did not waive his workers' compensation claim by prosecuting the third party claim against Carolina Freight Carriers.

In a workers' compensation case, the findings of the Workers' Compensation Commission cannot be set aside by a court if the findings are supported by substantial evidence and are not controlled by legal error. *Lail v. Georgia-Pacific Corp.*, 285 S. C. 234, 328 S. E. (2d) 911 (1985).

I.

We first address Pennsylvania Millers' argument regarding whether Pennsylvania Millers' policy provided workers' compensation coverage to Johnson as an employee of Ammons and Johnson.

Pennsylvania Millers directs two exceptions to the circuit

court's holding that its workers' compensation policy covered Johnson as an employee of Ammons and Johnson. These exceptions embrace the argument that Johnson did not elect to be so included pursuant to Section 42-1-130 of the South Carolina Code of Laws (1976) in that his election to Pennsylvania Millers to be so covered was not in writing and in that he failed to notify the Workers' Compensation Commission of his election.

Section 42-1-130, before its amendment in 1985 by Act No. 174, read in part as follows:

> Any sole proprietor or partner of a business whose employees are eligible for benefits under this Title may elect to be included as employees [sic] under the workers' compensation coverage of such business if they [sic] are actively engaged in the operation of the business and if the insurer is notified of their [sic] election to be so included. Any such sole proprietor or partner shall, upon such election, be entitled to employee benefits and be subject to employee responsibilities prescribed in this Title.

Courts must apply the terms of a clear and unambiguous statute according to their literal and ordinary meaning. *Lail v. Richland Wrecking Company, Inc.*, 280 S. C. 532, 313 S. E. (2d) 342 (Ct. App. 1984). Section 42-1-130 is clear and unambiguous.

When we apply the terms of Section 42-1-130 according to their literal and ordinary meaning, we can only conclude that, to be included as an employee under workers' compensation coverage, the statute neither requires that a partner's election to be covered as an employee be in writing nor that a partner notify the Workers' Compensation Commission of his election to be covered as an employee. To come under workers' compensation coverage, all that Section 42-1-130 requires a partner to do is to notify the insurer of his election to be included as an employee. The partner may give the notice either orally or in writing.

Obviously, therefore, an error of law controlled the single commissioner's finding that the policy did not cover Johnson as an employee.

In reaching the conclusion that the term "local manager," as used in Pennsylvania Millers' policy, included Johnson, the "general manager" of the partnership, as an employee, the circuit court improperly determined the weight of the evidence on a question of fact, a function beyond its jurisdiction to perform. *Drake v. Raybestos-Manhattan, Inc.*, 241 S. C. 116, 127 S. E. (2d) 288 (1962): *see* S. C. Code of Laws § 1-23-380(g) (1976) (in reviewing an agency decision, a court may not "substitute its judgment for that of the agency as to the weight of the evidence on questions of fact"). The term "local manager" is ambiguous at best and the evidence is in conflict regarding whether the parties intended the policy to include Johnson as an employee under the partnership's workers' compensation coverage.

We therefore vacate the circuit court's holding in this regard and remand to the Workers' Compensation Commission for determination the issue of whether Pennsylvania Millers' policy covered Johnson as an employee of Ammons and Johnson. The issue, of course, is basic to the question of the carrier's liability for Johnson's injury and therefore requires remand. *Drake v. Raybestos-Manhattan, Inc. supra.*

## II.

We next address Pennsylvania Millers' argument that Johnson elected his remedy and thereby waived his right to workers' compensation benefits by litigating a third party action.

The single commissioner, without discussion, relied on the case of *Fisher v. South Carolina Department of Mental Retardation-Coastal Center*, 277 S. C. 573, 291 S. E. (2d) 200 (1982), in finding that Johnson had elected his remedy and had waived any right he might have had to recover workers' compensation from Pennsylvania Millers.

*Fisher*, however, is inapplicable to the facts of this case. In *Fisher*, a claimant sought workers' compensation benefits after making a compromise settlement with a third party tortfeasor without the consent of the carrier. The Supreme Court held that a workers' compensation claimant's settlement with a third party tortfeasor without the carrier's consent and without regard to the carrier's subrogation

rights constitutes an election of remedies barring the claimant from workers' compensation.

In the instant case, Johnson did not settle the third party action; rather he prosecuted the case to a conclusion, albeit an adverse one. If Johnson had settled the third party action and had done so without Pennsylvania Millers' consent, the Supreme Court's holding in *Fisher* would have barred him from thereafter pursuing a workers' compensation claim. *See Talley v. John-Mansville Sales Corp.*, 285 S. C. 117, 328 S. E. (2d) 621 (1985) (if appellants had settled their products liability actions they would have made a binding election of remedies under *Fisher* and would be barred from later pursuing benefits under workers' compensation).

Section 42-1-560(b) permits an injured employee to pursue a workers' compensation claim and a third party action at the same time. *Fisher v. South Carolina Department of Mental Retardation, supra.* Where the employee does so, however, the carrier "shall have a lien on the proceeds of any recovery from the third party, whether by judgment, settlement, or otherwise, to the extent of the total amount of compensation ... paid, or to be paid by such carrier...." S. C. Code of Laws § 42-1-560(b) (1976). Also, the employee must give the Workers' Compensation Commission, the employer, and the carrier notice of the commencement of the third party action "upon a form prescribed by the Workers' Compensation Commission." *Id.*

The record before us does not show whether the required notice was served upon the carrier or not, although it does contain a copy of the prescribed notice that Johnson addressed to the Workers' Compensation Commission. Pennsylvania Millers declares in its brief, "[Johnson] did not serve the notice upon the carrier on the form prescribed by the [Workers' Compensation] Commission." On the other hand, Johnson affirms in his brief, "Proper notice of [the] third party claim, as required by Statute, was ... served upon the Carrier." Neither the single commissioner nor the full commission found that Johnson either did or did not comply with Section 42-1-560(b)'s notice requirements.

The circuit court, however, twice found that Johnson satisfied the requirements of Section 42-1-560(b) regarding the giving of notice to the carrier of the third party action. In

one place, the circuit court found that "NOTICE OF THIRD PARTY ACTION form was ... served on the Carrier as required by Statute." In another, it found that "the Carrier ... [was] given formal notice of the suit as provided by Statute and the rights of the Carrier were fully protected."

In finding that Johnson gave notice to the carrier of the third party action as required by Section 42-1-560(b) where the Workers' Compensation Commission made no such finding, the circuit court again improperly determined the weight of the evidence on a question of fact. We therefore vacate the circuit court's holding in this regard also and remand to the Workers' Compensation Commission for determination the issue of whether Johnson satisfied the notice requirements prescribed by Section 42-1-560(b) when he brought the third party action against Carolina Freight Carriers. This issue too is basic to the question of Pennsylvania Millers' liability for Johnson's injury. *Drake v. Raybestos-Manhattan, Inc.,* *supra.*

If the Workers' Compensation Commission finds on remand that Johnson, as he contends, gave Pennsylvania Millers proper notice of the third party action, Pennsylvania Millers' contention regarding election of remedies and waiver has no merit.

Neither Section 42-1-550, which allows an injured worker to maintain a third party action "before an award is made," nor Section 42-1-560, which preserves an injured employee's right to pursue a third party claim while also seeking workers' compensation, can be read to constitute, under the doctrine of election of remedies, a bar to an employee subsequently proceeding against the carrier once the action at law is prosecuted to a final, but unsuccessful, determination where the injured employee gave the carrier proper notice of the third party action.

Professor Larson in his treatise criticizes the application of the doctrine of election of remedies to prevent the injured employee from pursuing both remedies.

> The real concern of the doctrine of election of remedies in modern times should be the ... prevention of double redress for the same injury. The other basis of the doctrine is that a man should not be allowed to

assert two inconsistent rights, or to affirm two contradictory sets of facts as a basis for inconsistent forms of relief. On either basis, the doctrine of election as applied to destroy all rights under compensation acts is without justification. Double recovery is not involved, since the employer must be reimbursed. Contradictory facts and rights are not asserted, since identical facts support both claims. ...

The only other defense for the doctrine would be alleged prejudice to the employer as a result of the employee's decision to attempt a third-party recovery. But this can be forestalled by the provision requiring notice of the suit to the employer and the provision requiring the employee to obtain the employer's or insurer's approval of a settlement of such an action. Since the employer will be reimbursed the amount of his compensation payments from the proceeds of the suit, he is benefited rather than harmed by the employee's act of bringing suit. The only possible "prejudice" — and it is hardly serious — might lie in the fact that the employee is in control of the third-party suit rather than the employer.

2A A. LARSON, WORKMEN'S COMPENSATION § 73.30 at 14-335 to 337 (1986).

None of the concerns of the doctrine of election of remedies is present here. There is no possibility of a double recovery by Johnson since the third party action was decided adversely to Johnson; and Johnson did not choose between two inconsistent remedies in electing to pursue the third party claim while also pursuing the workers' compensation claim since the third party claim and the workers' compensation claim are consistent and appear to involve the same basic facts. *See Lancaster v. Smithco, Inc.*, 241 S. C. 451, 128 S. E. (2d) 915 (1962) (an election can exist only where there is a choice between two or more inconsistent remedies).

Pennsylvania Millers was not prejudiced in any way by Johnson's bringing of the third party action if it had notice of the action. Also, as the record reflects, Johnson neither settled the third party action without the carrier's approval nor refused a compromise settlement offer from the third party.

Johnson's futile and, as it turned out, mistaken pursuit of the third party action, therefore, did not preclude him from continuing to pursue the workers' compensation claim and we so hold. *See Lancaster v. Smithco, Inc., supra,* (a mistaken choice of a fancied remedy on a certain state of facts is not such an election as will bar the subsequent pursuit of another remedy that is appropriate to the same state of facts); *Tate v. Estate of Dickens,* 276 App. Div. 94, 98, 93 N.Y.S. (2d) 504, 509 (1949) (a fruitless prosecution of a third party action by an injured employee is not an election of remedies that barred the employee from workers' compensation since the "fact that claimant sought to avail himself of a remedy denied to him by law does not warrant the conclusion that because of his mistake we must now hold that he thereby renounced forever the only remedy he had"); *cf. Chapman v. Hoage,* 296 U. S. 526, 56 S. Ct. 333, 80 L. Ed. 370 (1936) (injured employee's election to pursue his remedy against third party did not deprive him of right to compensation from employer under the Longshoremen's and Harbor Workers' Compensation Act where third party action was dismissed because the employee was contributorily negligent).

Pennsylvania Millers, however, relies on *Stroy v. Millwood Drug Store, Inc.,* 235 S. C. 52, 109 S. E. (2d) 706 (1959), for the proposition that an injured employee is barred from collecting workers' compensation where he prosecutes a third party action to a conclusion and loses. *Stroy,* however, was decided under former statutes. *See* S. C. Code of Laws §§ 72-122-124 (1952). Unlike the former statutes, Section 42-1-560 of the present code allows an injured worker to maintain and prosecute a third party action while also prosecuting a workers' compensation claim, provided the worker complies with all its provisions. *Fisher v. South Carolina Department of Mental Retardation, supra.* In *Stroy* also, unlike here, the injured worker, without the consent of the employer, refused an offer of settlement, thereby prejudicing the employer's right of subrogation.

Accordingly, the order of the circuit court reversing the Workers' Compensation Commission is

Vacated and remanded.

BELL and CURETON, JJ., concur.