640 S.E.2d 507

**Richard KIMMER, Respondent,**

v.

**MURATA OF AMERICA, INC. and Liberty Mutual Insurance Company, Appellants.**

No. 4187.

Court of Appeals of South Carolina.

Heard Dec. 5, 2006.

Decided Dec. 18, 2006.

Rehearing Denied Jan. 29, 2007.

Pope D. Johnson, III, of Columbia, for Appellants.

Thomas H. Pope, of Newberry, for Respondent.

ANDERSON, J.:

In this workers' compensation action, Richard Kimmer sought benefits for an alleged work injury. Before filing his workers' compensation claim and without notifying his employer-carrier (collectively Murata), Kimmer settled a third party claim for the liability policy limit. The single commissioner concluded Kimmer elected his remedy by failing to notify Murata, and his workers' compensation claim was barred. The Appellate Panel adopted the single commissioner's conclusion. Kimmer appealed to the circuit court, which reversed the Appellate Panel and awarded Kimmer total disability benefits. We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

On January 29, 1999, Kimmer sustained injuries in a motor vehicle accident as he was driving to work for his employer, Murata. The driver at fault was Anthony Pendergrass. As a result of the accident, Kimmer was diagnosed with meniscal tears in both knees, a ruptured disc at L4–5, post-traumatic stress syndrome and depression. Following the accident, Kimmer had three surgeries on his right knee and one surgery on his left knee.

Pendergrass had automobile liability insurance with a policy limit of $15,000. Following the accident and without notice to Murata, Kimmer negotiated a settlement of the third party claim with Pendergrass' liability carrier for the policy limit. On June 16, 1999, Kimmer signed a release of all claims against Pendergrass.

Kimmer filed a Form 50 on June 18, 1999, and an Amended Form 50 on May 29, 2002, seeking workers' compensation benefits. On June 18, 2002, Murata filed its Form 51 denying Kimmer's claim and asserting as a defense that the third party action had been settled without consent. On December

10, 2002, a hearing was held to determine the issues set forth in the Forms 50 and 51. The single commissioner found Kimmer's injuries compensable because Murata provided him with a car allowance and mileage. However, she denied Kimmer's claim. Relying on *Fisher v. S.C. Dep't of Mental Retardation–Coastal Ctr.*, 277 S.C. 573, 291 S.E.2d 200 (1982), the single commissioner concluded the settlement of the third party claim, without notice to Murata, constituted an election of remedies and barred the workers' compensation claim.

The Appellate Panel affirmed and adopted the order of the single commissioner. On appeal to the circuit court, the trial judge (1) reversed the order of the Appellate Panel, (2) awarded total and permanent disability to Kimmer, (3) awarded Murata an offset of $10,000 (the net amount of the third party settlement), and (4) entered judgment in favor of Kimmer in the amount of $209,235.00.

On July 25, 2005, Murata filed a Motion for Reconsideration. The circuit court issued an amended order reversing the order of the Appellate Panel and finding that (1) Murata suffered no prejudice as a result of the settlement without notice, (2) Kimmer was totally and permanently disabled, and (3) Kimmer was entitled to an award of total and permanent disability, less an offset for the third party settlement. Murata then filed a Motion to Reconsider arguing the circuit court erroneously inserted a prejudice requirement into workers' compensation cases involving election of remedies. The motion was denied on September 1, 2005.

### STANDARD OF REVIEW

The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of workers' compensation commission decisions. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 134–35, 276 S.E.2d 304, 306 (1981); *Bass v. Isochem*, 365 S.C. 454, 467, 617 S.E.2d 369, 376 (Ct.App.2005) *cert. granted*, November 2, 2006; *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 288, 599 S.E.2d 604, 610 (Ct.App.2004). A reviewing court may reverse or modify an agency decision if the findings, inferences, conclusions, or decisions of that agency are "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." *Bass v. Kenco*

*Group*, 366 S.C. 450, 457, 622 S.E.2d 577, 580 (Ct.App.2005); *Bursey v. S.C. Dep't of Health & Envtl. Control*, 360 S.C. 135, 141, 600 S.E.2d 80, 84 (Ct.App.2004); S.C.Code Ann. § 1–23–380(A)(5) (Act No. 387, 2006 S.C. Acts 387, eff. July 1, 2006). Under the scope of review established in the APA, this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law. *Liberty Mut. Ins. Co. v. S.C. Second Injury Fund*, 363 S.C. 612, 619, 611 S.E.2d 297, 300 (Ct.App.2005); *Frame v. Resort Servs., Inc.*, 357 S.C. 520, 527, 593 S.E.2d 491, 495 (Ct.App. 2004); *Stephen v. Avins Constr. Co.*, 324 S.C. 334, 337, 478 S.E.2d 74, 76 (Ct.App.1996); S.C.Code Ann. § 1–23–380(A)(5) (Act No. 387, 2006 S.C. Acts 387, eff. July 1, 2006).

■■■ An administrative agency's findings are presumed correct and will be set aside only if unsupported by substantial evidence. *Anderson v. Baptist Med. Ctr.*, 343 S.C. 487, 492, 541 S.E.2d 526, 528 (2001); *Hicks v. Piedmont Cold Storage, Inc.*, 335 S.C. 46, 48, 515 S.E.2d 532, 533 (1999); *Gadson v. Mikasa Corp.*, 368 S.C. 214, 222, 628 S.E.2d 262, 266 (Ct.App. 2006). Accordingly, a reviewing court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact. *Stephen*, 324 S.C. at 337, 478 S.E.2d at 76. It is not within our province to reverse findings of the Appellate Panel which are supported by substantial evidence. *Broughton v. South of the Border*, 336 S.C. 488, 496, 520 S.E.2d 634, 637 (Ct.App.1999). Instead, review of issues of fact is limited to determining whether the findings are supported by substantial evidence in the record. *Hargrove*, 360 S.C. at 289, 599 S.E.2d at 610–11. "On appeal, this court must affirm an award of the Workers' Compensation Commission in which the circuit court concurred if substantial evidence supports the findings." *Solomon v. W.B. Easton, Inc.*, 307 S.C. 518, 520, 415 S.E.2d 841, 843 (Ct.App.1992). Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action. *Pratt v. Morris Roofing, Inc.*, 357 S.C. 619, 622, 594 S.E.2d 272, 274 (2004);

*Jones v. Georgia–Pacific Corp.*, 355 S.C. 413, 417, 586 S.E.2d 111, 113 (2003).

### *LAW/ANALYSIS*

The circuit court held Kimmer's workers' compensation action was not barred by his third party settlement, but only subject to an offset for the third party settlement he received. Murata contends this holding was error because Kimmer settled his third party claim without notice to Murata, thereby electing his remedy. We agree.

The South Carolina Workers' Compensation Act provides claimants with three remedies for job-related injuries:

(1) Pursuant to section 42–1–560(c) of the South Carolina Code (Supp.2005) a claimant may proceed solely against the employer, thereby allowing the employer-carrier the opportunity to pursue reimbursement against the third party for its obligated payments:

> If, prior to the expiration of the one-year period referred to in subsection (b), or within thirty days prior to the expiration of the time in which such action may be brought, the injured employee ... shall not have commenced action against or settled with the third party, the right of action of the injured employee ... shall pass by assignment to the carrier; provided, that the assignment shall not occur less than twenty days after the carrier has notified the injured employee ... in writing, by personal service or by registered or certified mail that failure to commence such action will operate as an assignment of the cause of action to the carrier.

(2) Alternatively, a claimant may proceed solely against the third party tortfeasor under section 42–1–550 of the South Carolina Code (Supp.2005) by instituting and prosecuting an action at law:

> When an employee, his personal representative or other person may have a right to recover damages for injury, loss of service or death from any person other than the employer, he may institute an action at law against such third person before an award is made under this Title [Workers' Compensation Act] and prosecute it to its final determination.

(3) Or a claimant may proceed against both the employer-carrier and the third party tortfeasor by complying with section 42–1–560(b) of the South Carolina Code (Supp.2005):

> The injured employee ... shall be entitled to receive the compensation and other benefits provided by this Title [Workers' Compensation Act] and to enforce by appropriate proceedings his or their rights against the third party.... In such case the carrier shall have a lien on the proceeds of any recovery from the third party whether by judgment, settlement or otherwise, to the extent of the total amount of compensation, including medical and other expenses, paid, or to be paid by such carrier, less the reasonable and necessary expenses, including attorney fees, incurred in effecting the recovery, and to the extent the recovery shall be deemed to be for the benefit of the carrier .... *Notice of the commencement of the action shall be given within thirty days thereafter to the Industrial Commission, the employer and carrier upon a form prescribed by the Industrial Commission.*

*See Fisher v. S.C. Dep't of Mental Retardation,* 277 S.C. 573, 575, 291 S.E.2d 200, 201 (1982) (emphasis added).

## I. Notice

The imperative nature of the statutory language mandating notice of a third party claim to the employer-carrier is well established by our precedent. In 1982, our Supreme Court announced that a claimant who settled his third party case without notice to the employer or carrier elected his remedy and waived any right to workers' compensation benefits. *Fisher,* 277 S.C. at 576, 291 S.E.2d at 201. As in the instant case, Fisher sought workers' compensation benefits after making a compromise settlement with a third party tortfeasor without the consent of the carrier. The single commissioner, Appellate Panel, and circuit court agreed Fisher had elected to proceed against a third party without complying with section 42–1–560 and, having done so, had no further remedy under the South Carolina Workers' Compensation Act. Noting section 42–1–560(b) does not specifically state the consequences of failure to notify the employer-carrier of a third party claim or settlement, the court emphasized, "it is clear from a reading of the statute that the legislature did not

intend for a claimant to settle his third party case without regard to the employer's rights for subrogation under § 42–1–560 and still maintain a workmen's compensation claim." *Fisher*, 277 S.C. at 575, 291 S.E.2d at 201. The *Fisher* court reiterated an earlier observation that "[t]he object of [§ 42–1–560] is to effect an equitable adjustment of the rights of all the parties." *Stroy v. Millwood Drug Store, Inc.*, 235 S.C. 52, 59, 109 S.E.2d 706, 709 (1959). Drawing from its analysis in a case decided under prior statutes, the court recognized "[i]t would 'defeat this objective to allow the employee to demand compensation from the employer after having destroyed the employer's normal right to obtain reimbursement from the third party.'" *Fisher*, 277 S.C. at 575–76, 291 S.E.2d at 201 (*quoting Stroy*, 235 S.C. at 59, 109 S.E.2d at 709).

The South Carolina Supreme Court reaffirmed the principle articulated in *Fisher* when it addressed a dilemma generated by asbestos claims. In *Talley v. John–Mansville Sales Corp.*, workers' instituted product liability actions against asbestos manufacturers. 285 S.C. 117, 118, 328 S.E.2d 621, 622 (1985). The workers sought to have the asbestos manufacturers' settlement offers approved by the South Carolina Workers' Compensation Commission in order to comply with section 42–1–560 and protect their potential workers' compensation claims. *Id.* at 118, 328 S.E.2d at 622. The Commission refused to approve the settlements, ruling it had no jurisdiction because the workers had not yet become disabled. *Id.* Consequently, the workers applied for a stay of the civil actions, which the circuit judge denied. *Id.* at 119, 328 S.E.2d at 623. Our Supreme Court reversed the denial, explaining: "[h]ad [the workers] concluded their product liability actions, by settlement or otherwise, they would have made a binding election of remedies under *Fisher v. S.C. Dep't of Mental Retardation*, 277 S.C. 573, 291 S.E.2d 200 (1982), and would be barred from pursuing benefits under workers' compensation at a later date." *Talley*, 285 S.C. at 118, 328 S.E.2d at 622. On the other hand, if the workers waited until they became disabled for workers' compensation purposes, their third party actions would be barred by the statute of limitations. *Id.* The court declined to carve out an exception in the statute to accommodate these unusual circumstances, concluding: "[s]uch a change is a function of the legislature, and this court refuses to usurp legislative authority in this matter." *Id.* at

119, 328 S.E.2d at 622. Instead, the court ordered entry of the stay to avoid the inequity that would result from the application of *Fisher* to the circumstances in *Talley*. *Id.* at 199, n. 2, 328 S.E.2d at 623, n. 2.

Subsequently, the Court of Appeals addressed the notice requirement in *Johnson v. Pennsylvania Millers Mut. Ins. Co.*, 292 S.C. 33, 354 S.E.2d 791 (Ct.App.1987) and *Hudson v. Townsend Saw Chain Co.*, 296 S.C. 17, 370 S.E.2d 104 (Ct. App.1988). In *Johnson*, the claimant prosecuted his third party claim to an adverse conclusion. 292 S.C. at 34, 354 S.E.2d at 792. The single commissioner and Appellate Panel, relying on *Fisher*, agreed with Pennsylvania Millers that the claimant had elected his remedy and waived his right to compensation. *Id.* at 34–35, 354 S.E.2d at 792. The circuit court disagreed. *Id.* at 36, 354 S.E.2d at 796. On appeal, we distinguished *Fisher* as inapplicable in *Johnson*, because the claimant in *Johnson* did not settle the third party action; rather, he prosecuted the case to its full conclusion. *Id.* at 39, 354 S.E.2d at 794. "If [the claimant] had settled the third party action and had done so *without* Pennsylvania Millers' consent, the Supreme Court's holding in *Fisher* would have barred him from thereafter pursuing a workers' compensation claim." *Id.* (emphasis added) Neither the single commissioner nor the Appellate Panel had determined whether the claimant had complied with the notice requirements. *Id.* Consequently, we remanded to the Commission for that determination and emphasized if the claimant gave proper notice of the third party action, then he had not elected his remedy or waived his workers' compensation claim.

Neither Section 42–1–550, which allows an injured worker to maintain a third party action "before an award is made," nor Section 42–1–560, which preserves an injured employee's right to pursue a third party claim while also seeking workers' compensation, can be read to constitute, under the doctrine of election of remedies, a bar to an employee subsequently proceeding against the carrier once the action at law is prosecuted to a final, but unsuccessful, determination *where the injured employee gave the carrier proper notice of the third party action.*

*Id.* at 40, 354 S.E.2d at 795 (emphasis added).

*Hudson v. Townsend Saw Chain Co.* illustrates the scope of the notice requirement's applicability. 296 S.C. 17, 21–22, 370

S.E.2d 104, 106 (Ct.App.1988). Hudson prosecuted a third-party claim to its conclusion, without issuing the required statutory notice. *Id.* The single commissioner and Appellate Panel found Hudson had elected her remedy and her workers' compensation claim was barred. *Id.* at 19, 370 S.E.2d at 105. The circuit court reversed, deeming the section 42–1–560(b) notice requirement inapplicable where an employee prosecutes the third-party claim to a final determination before filing for workers' compensation. The circuit court viewed section 42–1–560's notice requirement applicable only to the situation in which an employee pursues a workers' compensation claim simultaneously with a third-party action. *Id.* at 19, 370 S.E.2d at 105–06. In reversing the circuit court, we clarified:

> [I]rrespective of whether an employee pursues a third-party action before or simultaneously with filing a workers' compensation claim, the employee, to preserve his or her claim to workers' compensation, must provide the notice required by Section 42–1–560(b). If the employee fails to give the notice required by Section 42–1–560(b) and prosecutes the third-party action to a final determination, either before or simultaneously with filing a workers' compensation claim, the employee will be regarded as having elected his or her remedy and will be barred from receiving workers' compensation benefits.

*Id.* at 20–21, 370 S.E.2d at 106.

The undisputed facts of the instant case are nearly identical to those in *Fisher.* Kimmer instituted his third party claim against a tortfeasor without notice to Murata. Subsequently, he settled with the liability carrier and released the at-fault driver from all claims without Murata's consent. South Carolina appellate courts have conclusively held a claimant who pursues a third party action without giving proper notice to the employer-carrier and settles the third party action or pursues it to an unsuccessful conclusion is regarded as having elected his remedy and is barred from receiving workers' compensation benefits. The circuit court's order, which awards Kimmer workers' compensation benefits, notwithstanding his failure to give the required notice to Murata, is inconsistent with our precedent. As a result of Kimmer's noncompliance with the statutory procedure, he made an

election of his remedy and waived any rights he may have had to recover workers' compensation benefits.

## II. Prejudice

■ Murata maintains the circuit court erred in determining Kimmer's failure to give timely notice of his third party claim did not prejudice Murata, and, consequently, did not bar Kimmer's recovery of workers' compensation benefits. We agree with Murata.

■ Contrary to Kimmer's suggestion, the mere mention of the word "prejudice" in an opinion does not mean that such a requirement exists. Neither section 42-1-550 nor section 42-1-560 contains a provision establishing prejudice as a factor in considering whether a compensation claim is barred when an employee settles or concludes a third party claim without notice. Moreover, our precedent's strong and unwavering emphasis on the importance of notice outweighs the relevance of prejudice in considering whether a worker's compensation claim is barred. *See Fisher v. S.C. Dep't of Mental Retardation–Coastal Center,* 277 S.C. 573, 291 S.E.2d 200 (1982); *Talley v. John–Mansville Sales Corp.,* 285 S.C. 117, 328 S.E.2d 621, (1985); *Johnson v. Pennsylvania Millers Mut. Ins. Co.,* 292 S.C. 33, 354 S.E.2d 791 (Ct.App.1987); *Hudson v. Townsend Saw Chain Co.,* 296 S.C. 17, 370 S.E.2d 104 (Ct. App.1988). The *Fisher* court interpreted the implicated statutes but made no mention of a prejudice requirement. 277 S.C. at 573, 291 S.E.2d at 200. In *Hudson,* the claimant urged that a workers' compensation claim should be permitted if the carrier was not prejudiced by the lack of notice. *Hudson* at 22, 370 S.E.2d at 107. We declared: "Hudson's contention and the circuit court's holding regarding lack of prejudice, however, is unpersuasive, if in fact the question of prejudice is relevant at all." *Id.*; *see Stroy v. Millwood Drug Store, Inc.,* 235 S.C. 52, 57–59, 109 S.E.2d 706, 709 (1959) (rejecting an almost identical argument made by a workers' compensation claimant in a case decided under former statutes). Additionally, in *Talley,* our Supreme Court declined to carve out an exception to the statutes as interpreted by *Fisher,* regarding any such change as a function of the legislature, not the courts.

As a result of the failure to notify of a third party claim, the employer-carrier loses a voice in the litigation and is clearly prejudiced. *Stroy*, 235 S.C. at 57–59, 109 S.E.2d at 709.[1] That voice encompasses the right to select one's own counsel, conduct one's own investigation, and direct the litigation. *See id.* Notice makes it possible for the employer-carrier to offer the employee meaningful assistance in prosecuting the third party claim. *Hudson*, 296 S.C. at 22, 370 S.E.2d at 107. With timely knowledge the employer-carrier gains the opportunity to lend support to an effort that could lead to the carrier's recovery of some or all of the compensation it might later be required to pay the injured employee under the Workers' Compensation Act. *Id.*; *see* S.C.Code Ann. § 42–1–560(c). The statute's underlying purpose serves to protect the carrier's subrogation interests and prevents an employee's double recovery.

Hypothetically, if prejudice to the employer-carrier were required as an additional element to find the claimant elected his remedy, we identify prejudice to Murata in the instant case.

The single commissioner's findings comport with our determination:

> [T]he claimant's settling of this claim was prejudicial to the carrier since it [Murata] was not able to participate in the litigation or affect the full and final release executed by the claimant. The carrier had no opportunity to investigate whether there was [sic] other assets or other coverage available to the claimant from the third party.

Kimmer avers his settlement for the liability policy limit is distinguishable from the "compromise" settlement in *Fisher* because the at-fault party had no additional assets for Murata to pursue. Though Kimmer's counsel determined the coverage under one liability policy and consulted Chester county records to discover any undisclosed assets, his investigation was by no means exhaustive. In South Carolina, statutory provisions allow for the initiation and institution of supplementary proceedings. Section 15–39–310 of the South Carolina Code (1976) provides:

---

1. Though this case was decided under the former statute, its discussion on what constitutes prejudice is instructive.

[T]he judgment creditor . . . is entitled to an order from a judge of the circuit court requiring such judgment debtor to appear and answer concerning his property before such judge at a time and place specified in the order within the county to which the execution was issued.

At the hearing in regard to a supplementary proceeding, a prospective debtor is required to answer under oath all queries as to real and personal property, including, but not limited to, policies of insurance, cash, jewelry, household furniture, and the entire spectrum and gamut of legal ownership possibilities. Additionally, a judgment obtained against a motorist that is unpaid subjects the motorist to driver's license suspension pursuant to section 56–9–430 of the South Carolina Code (1976). Murata's right to avail itself of the full range of investigatory opportunities was foreclosed by the absence of notice of the third party claim. Furthermore, as part of the third party settlement, Kimmer released the at-fault driver from all liability, extinguishing any recourse Murata may have had in pursuing third party assets.

## CONCLUSION

 We rule that the settlement of a third party claim without notice to the employer and carrier bars a workers' compensation action. We hold that prejudice is **NOT** an element to be considered in regard to the failure to give the mandated statutory notice. Assumptively concluding that prejudice is a factor in the analysis, we conclude that there was actual prejudice in the case *sub judice* in regard to the employer and carrier.

Accordingly, the decision of the circuit court is reversed and the order of the Appellate Panel reinstated.[2]

**REVERSED.**

HUFF and WILLIAMS, JJ., concur.

---

**2.** Because we reverse on the previous issue, we need not reach the additional issues. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) ("[A]n appellate court need not address remaining issues when disposition of prior issue is dispositive.").