651 S.E.2d 311

Christine **CALLAHAN**, Employee, Respondent,

v.

**BEAUFORT COUNTY SCHOOL DISTRICT**, Employer, and S.C. School Boards Insurance Trust, Carrier, Appellants.

No. 26377.

Supreme Court of South Carolina.

Heard May 22, 2007.

Decided Sept. 4, 2007.

Rehearing Denied Oct. 17, 2007.

Kirsten L. Barr, of Trask & Howell, of Mt. Pleasant, for Appellants.

William B. Harvey, III, of Harvey & Battey, of Beaufort, for Respondent.

Justice PLEICONES:

This is a workers' compensation appeal. The single commissioner denied workers' compensation benefits due to the claimant's failure to provide notice of her third-party suit as required by S.C.Code Ann. § 42-1-560(b) (1985). The full commission affirmed, and claimant appealed to the circuit court. The circuit court reversed, holding that the lack of notice had not prevented the "equitable adjustment of the rights of all the parties" because the third-party suit never reached a final determination on the merits. Beaufort County School District ("Employer") appealed, and we certified the appeal pursuant to Rule 204, SCACR. We affirm as modified.

## FACTS

Christine Callahan ("Claimant") alleged injuries due to exposure to chemicals at Battery Creek High School on November 14, 2002. Employer and the South Carolina School Boards Insurance Trust ("Carrier") denied workers' compensation benefits. Claimant filed a Form 50 on January 17, 2003, to request a hearing.

On January 24, 2003, Claimant filed a civil action against a third-party, Tech Clean Industries, based on the same injuries alleged in the workers' compensation action. However, it was not until July 16, 2003, that the Claimant filed and served a

Form S–2, providing the Commission, Employer, and Carrier with notice of her intent to pursue both a workers' compensation claim and a third-party civil action for the same injuries. Claimant voluntarily dismissed the third-party action without prejudice in November 2003.[1]

## ISSUE

Did the circuit court err by failing to find Claimant's workers' compensation claim is barred because she did not provide notice of her third-party action within thirty days of its commencement, in accordance with the requirements of S.C.Code Ann. § 42–1–560(b)?

## ANALYSIS

 Review of a decision of the workers' compensation commission is governed by the Administrative Procedures Act. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 276 S.E.2d 304 (1981). We may reverse where the decision is affected by an error of law. *Shealy v. Aiken County*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000); S.C.Code Ann. § 1–23–380(A)(5)(d) (Supp.2006).

 South Carolina Code Ann. § 42–1–560 sets forth the requirements for simultaneously pursuing a third-party action and a workers' compensation claim. The statute provides:

Notice of the commencement of the [third-party] action shall be given within thirty days thereafter to the [Commission], the employer and carrier upon a form prescribed by the [Commission].

S.C.Code Ann. § 42–1–560(b). An injured party may proceed against both the employer-carrier and against a third-party tortfeasor by complying with the requirements of § 42–1–560. *Fisher v. S.C. Dept. of Mental Retardation–Coastal Center*, 277 S.C. 573, 575, 291 S.E.2d 200, 201 (1982); *Hudson v. Townsend Saw Chain Co.*, 296 S.C. 17, 20, 370 S.E.2d 104, 106 (Ct.App.1988) ("[subsection (b)] plainly requires an employee, when he or she brings a third-party action, to give notice to

---

1. Although it is unclear from the record whether Claimant re-filed the third-party action, the Court was made aware at oral argument that Claimant later re-filed the third-party action against Tech Clean. We offer no opinion on the efficacy of this re-filing.

the Commission, the employer, and the employer's carrier of the commencement of the third-party action within 30 days of its commencement.").

In this case, Claimant did not provide the Form S–2 to the Commission, Employer, and Carrier until July 2003, nearly six months after she initially filed her third-party suit and three months after the action had been removed to federal court.

█ Because workers' compensation statutes provide an exclusive compensatory system in derogation of common law rights, we strictly construe the requirements of § 42–1–560 and leave it to the legislature to amend and define its ambiguities. *Cf. Wigfall v. Tideland Util., Inc.*, 354 S.C. 100, 110, 580 S.E.2d 100, 105 (2003). Here, the statute clearly requires timely notice to be given to all three entities employer, carrier, and Commission on the Form S–2.[2]

█ We find the circuit court erred by excusing compliance with the statute based on the "equitable adjustment of the rights of all the parties." Even though the employer had not lost its right of subrogation against the potentially responsible third-party, the statutory provision mandates notice to the employer, carrier, and Commission within thirty days of filing the third-party suit. It was improper for the circuit court to conduct an equity analysis to carve an exception to the workers' compensation notice requirement. *See Wigfall, supra; Santee Cooper Resort, Inc. v. S.C. Pub. Serv. Commn.*, 298 S.C. 179, 185, 379 S.E.2d 119, 123 (1989) (holding that a court's equitable powers must yield in the face of an unambiguously worded statute).

---

**2.** This holding does not conflict with our past cases. This Court previously held that a claimant had elected a remedy, thus forgoing workers' compensation benefits, by settling a third-party claim without complying with the notice requirements of § 42–1–560, even though the carrier had actual knowledge of the third-party suit. *Fisher, supra; see also Hardee v. Bruce Johnson Trucking Co.*, 293 S.C. 349, 354–355, 360 S.E.2d 522, 525 (Ct.App.1987)(discussing the facts of *Fisher*). Additionally, prior cases interpreting this statute have found that prejudice should not be considered. *See Hudson, supra* (finding claimant's prejudice argument "unpersuasive, if in fact the question of prejudice is relevant at all")(citing *Stroy v. Millwood Drug Store*, 235 S.C. 52, 109 S.E.2d 706 (1959)); *Kimmer v. Murata*, 372 S.C. 39, 640 S.E.2d 507 (Ct.App.2006)(holding that "prejudice is 'NOT' an element to be considered in regard to the failure to give mandated statutory notice.").

■ Despite Claimant's failure to comply with § 42–1–560, we nonetheless affirm the circuit court's finding that her workers' compensation claim may proceed. In this case, Claimant voluntarily dismissed her third-party suit pursuant to Rule 41, FRCP. A voluntary dismissal leaves the situation as though no suit had ever been filed. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure 2d* § 2367, at 321 (1995); *Allen v. S. Ry. Co.,* 218 S.C. 291, 297–298, 62 S.E.2d 507, 511 (1950). Following this rule, the third-party suit originally filed in January 2003 became a nullity, and § 42–1–560 is not applicable. As a result, there is no violation of § 42–1–560 when the third-party suit is treated as never being filed.

## CONCLUSION

We hold that § 42–1–560(b) must be strictly followed in order for a claimant to preserve her right to proceed against both an employer and a third-party. On the facts before us, Claimant's voluntary dismissal without prejudice of her third-party suit allows her to proceed with her workers' compensation claim. Accordingly, the decision of the circuit court is

**AFFIRMED AS MODIFIED.**

TOAL, C.J., MOORE, BURNETT, JJ., and Acting Justice R. FERRELL COTHRAN, JR., concur.