22274

Henry B. AUTREY, Jr., Appellant, v. NORTH BROTHERS, Employer, and Employers Insurance of Wausau, Carrier, Respondents.

(328 S. E. (2d) 624)

Supreme Court

*Kay Gorenflo Hearn*, of *Stevens, Stevens, Thomas, Hearn & Hearn*, Loris, *Thomas H. Hart, III*, of *Blatt & Fales*, Barnwell, and *Isadore E. Lourie*, of *Lourie, Barrett, Curlee, Swerling & Popowski*, Columbia, *for appellant.*

*William W. Watkins*, Columbia, *for respondents, UAC* and *North Brothers.*

*William Pope,* of *Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford,* Columbia, *for respondent, Employers Ins. of Wausau.*

Heard Feb. 5, 1985.

Decided April 3, 1985.

GREGORY, Justice:

This consolidated appeal presents the issue of whether the Industrial Commission has jurisdiction to approve a third party settlement under S. C. Code Ann. § 42-1-560(f) when the petitioning employees have no present disability compensable under the Occupational Disease Act. The Commission ruled there was not jurisdiction, and the employees appeal. We dismiss.

In a related case before this Court, *Talley v. John-Mansfield, et al.,* 328 S. E. (2d) 621 (1985), we determined that refusal to grant a stay of the third party actions was an abuse of discretion. Since a stay has been ordered, the present dispute is now moot.[1]

Appeal dismissed.

HARWELL, and CHANDLER, JJ., and ALEXANDER M. SANDERS, Jr., Acting Associate Justice, concur.

LITTLEJOHN, C. J., dissenting.

LITTLEJOHN, Chief Justice, dissenting:

I respectfully dissent and would affirm the Order of Judge Robert H. Cureton.

The trial judge in my view correctly relied upon the case of *Fisher v. South Carolina Department of Mental Retardation,* 277 S. C. 573, 291 S. E. (2d) 200 (1982). Dismissal of the appeal in lieu of affirmance is justifiable only upon the basis of the rule enacted by the majority opinion in *Talley v. John-Mansfield,* 328 S. E. (2d) 621 (1985).

---

[1] At oral argument, counsel for appellants stated that a grant of relief in either this case or *Talley,* would protect appellants' interest in both matters.