### 1186

Lelia P. HUDSON, Employee-Claimant, Respondent v. TOWNSEND SAW CHAIN COMPANY, Employer, and Aetna Casualty and Surety Company, Carrier, Appellants.

(370 S. E. (2d) 104)

Court of Appeals

*Kay G. Crowe* and *R. Lewis Johnson,* both of *Barnes, Alford, Stork & Johnson,* Columbia, *for appellants.*

*D. Michael Kelly,* of *Suggs & Kelly,* Columbia, *for respondent.*

Heard May 25, 1988.

Decided June 27, 1988.

GOOLSBY, Judge:

The basic issue on appeal in this workers' compensation case is whether the respondent Lelia P. Hudson's prosecution of a third-party action to a final, but adverse, determination without giving notice to the Workers' Compensation Commission, her employer, and her employer's workers' compensation carrier of the commencement of the action within 30 days after bringing the third-party action constituted an election of remedies, thus barring her from proceeding under the Workers' Compensation Act against the appellants Townsend Saw Chain Company and its carrier, Aetna Casualty and Surety Company. The Commission affirmed the single commissioner's holding that Hudson's claim was so barred; however, the circuit court disagreed, vacated the Commission's order, and remanded the case to the Commission. We reverse.

On December 8,1983, an automobile driven by Anne Carraway struck Hudson, who worked as a machine operator for Townsend, in Townsend's parking lot as Hudson prepared to leave work. Hudson gave Townsend notice of the injury.

Thereafter, Hudson brought an action against Carraway alleging that Carraway's negligent operation of her vehicle caused Hudson to suffer injury. Hudson, however, did not notify the Commission, Townsend, and Aetna of the commencement of the action within 30 days of the bringing of the action.

A jury later found in favor of Carraway.

On November 4, 1985, following the adverse determination of Hudson's third-party action, Hudson, now represented by new counsel, filed a claim for workers' compensation benefits.

The single commissioner found, among other things, that Hudson's prosecution of the third-party action to a final determination constituted an election of remedies that barred her claim to workers' compensation.

The full commission affirmed the single commissioner and Hudson appealed to the circuit court.

The circuit court held Hudson had not made an election of remedies and remanded the case to the Commission for further proceedings.

In reaching this result, the circuit court deemed Section 42-1-560 of the South Carolina Code of Laws (1976 & Cum. Supp. 1987)[1] and its notice requirement contained in subsection (b) thereof inapplicable where, as here, an employee prosecutes his or her third-party claim to a final determination before filing for workers' compensation. The circuit court viewed Section 42-1-560 and its notice requirement applicable only to the situation in which an employee pursues a workers' compensation claim simultaneously with a third-party action.

---

[1] Subsections (a), (b), and (c) of Section 42-1-560 provide in part as follows:

(a) The right to compensation and other benefits under this Title shall not be affected by the fact that the injury ... is caused under circumstances creating a legal liability in some person, other than the employer ..., the person so liable being hereinafter referred to as the third party. The respective rights and interests of the injured employee ... and of the employer ... or carrier liable for the payment of compensation and other benefits under this Title, hereinafter called the "carrier," in respect to the cause of action and the damages recovered shall be as provided by this section.

(b) The injured employee ... shall be entitled to receive the compensation and other benefits provided by this Title and to enforce by appropriate proceedings his ... rights against the third party; *provided,* that action against the third party must be commenced not later than one year after the carrier accepts liability for the payment of compensation or makes payment pursuant to an award under this Title, except as hereinafter provided. In such case, the carrier shall have a lien on the proceeds of any recovery from the third party whether by judgment, settlement or otherwise, to the extent of the total amount of compensation ... paid, or to be paid by such carrier....... Notice of the commencement of the action shall be given within thirty days

Section 42-1-550 of the Code,[2] as the circuit court ██ points out, does allow an employee to prosecute a third-party action to a final conclusion before an award is made under the Workers' Compensation Act; however, this section must be read in *pari materia* with Section 42-1-560, particularly subsection (b) thereof. *See Lebak v. Nelson*, 62 Idaho 96, 107 P. (2d) 1054 (1940) (construing Idaho Workmen's Compensation Act and holding that the provision reciting the purpose of the Act and the provision permitting an injured employee at his option to claim compensation or to proceed against a third party and subrogating any employer that has paid compensation are in *pari materia*).

The latter subsection plainly requires an employee, when he or she brings a third-party action, to give notice to the Commission, the employer, and the employer's carrier of the commencement of the third-party action within 30 days of its commencement. Section 42-1-560 nowhere limits the notice requirement to the situation in which the employee pursues a workers' compensation claim at the same time the employee enforces his or her rights against a third party.

We therefore hold that, irrespective of whether an employee pursues a third-party action either before or simultaneously with filing a workers' compensation claim, the employee, to preserve his or her claim to workers' compensation, must provide the notice required by Section 42-1-560(b). If the employee fails to give the notice required by Section 42-1-560(b) and prosecutes the third-party action to a final determination, either before or simultaneously

---

thereafter to the Workers' Compensation Commission, the employer and carrier upon a form prescribed by the Workers' Compensation Commission.

(c) If, prior to the expiration of the one-year period referred to in subsection (b), or within thirty days prior to the expiration of the time in which such action may be brought, the injured employee ... shall not have commenced action against or settled with the third party, the right of action of the injured employee ... shall pass by assignment to the carrier; ...

[2] Section 42-1-550 provides in part:

When an employee ... may have a right to recover damages for injury ... he may institute an action at law against such third person before an award is made under this Title and prosecute it to its final determination.

with filing a workers' compensation claim, the employee will be regarded as having elected his or her remedy and will be barred from receiving workers' compensation benefits. *See Johnson v. Pennsylvania Millers Mutual Insurance Company,* 292 S. C. 33, 354 S. E. (2d) 791 (Ct. App. 1987) (wherein the court remanded to the Commission the question of whether a workers' compensation claimant gave proper notice of a third-party action and held the carrier's contention regarding election of remedies and waiver lacked merit if the Commission found the claimant gave proper notice).

Our holding is consistent with *Fisher v. South Carolina Department of Mental Retardation-Coastal Center,* 277 S. C. 573, 291 S. E. (2d) 200 (1982), an opinion authored by Mr. Justice Ness. In that case, the Supreme Court stated that an injured employee has three remedies for job-related injuries:

> (1) To proceed solely against the employer thereby allowing the employer-carrier the opportunity to pursue reimbursement against the third party for its obligated payments;
> (2) To proceed solely against the third-party tortfeasor under [Section] 42-1-550 by instituting and prosecuting an action at law; and
> (3) To proceed against both the employer-carrier and the third-party tortfeasor by complying with [Section] 42-1-560.

277 S. C. at 575, 291 S. E. (2d) at 201.

It is clear that in the instant case the injured employee did not elect the third alternative to "proceed against both the employer-carrier and the third-party tortfeasor by complying with [Section] 42-1-560" and elected instead to follow the second alternative of proceeding "solely against the third-party tortfeasor under [Section] 42-1-550 by instituting and prosecuting an action at law."

As in *Fisher,* Hudson's noncompliance with the procedure set forth in Section 42-1-560 in prosecuting and concluding the third-party action brought about "an election and ... waive[r] [of] any rights she may have had under the South Carolina [Workers'] Compensation Law." 277 S. C. at 576, 291 S. E. (2d) at 201; *see also Talley v. John-Mansville Corpo-*

*ration,* 285 S. C. 117, 118, 328 S. E. (2d) 621, 622 (1985) (wherein, according to the dissenting opinion, the appellants brought actions against third parties and had not filed claims for workers' compensation and wherein the majority stated that the appellants "would have made a binding election of remedies" under *Fisher* and would be barred by the *Fisher* rule from seeking workers' compensation if they brought and concluded their third-party actions).

We do not overlook Hudson's contention and the circuit court's holding that Townsend and Aetna suffered no prejudice by her failure to give them the prescribed notice because the jury's determination in favor of Carraway conclusively shows that Townsend and Aetna, as the circuit court phrased it, "ha[d] no subrogation rights as a matter of law and never did according to the jury." Hudson's contention and the circuit court's holding regarding lack of prejudice, however, is unpersuasive, if in fact the question of prejudice is relevant at all. *Cf. Stroy v. Millwood Drug Store, Inc.,* 235 S. C. 52, 109 S. E. (2d) 706 (1959) (wherein the Supreme Court rejected an almost identical argument made by a workers' compensation claimant in a case decided under former statutes).

A provision, such as Section 42-1-560(b), that provides for a lien in favor of the carrier on the proceeds of any recovery from the third party and a provision, such as Section 42-1-560(c), that provides for an assignment to the carrier of the injured employee's right of action are intended for the protection of the employee, the employer, and the carrier. 101 C.J.S. *Workmen's Compensation* § 994b at 515 (1958). In like manner, a provision that requires notice of a third-party action has as its purpose the prevention of any prejudice to the employer and carrier "as a result of the employee's decision to attempt a third-party recovery." 2A LARSON § 73.30 at 14-336 (1987); *Johnson v. Pennsylvania Millers Mutual Insurance Company, supra.*

By giving the notice required by Section 42-1-560(b), the employee who brings a third-party action, whether before or simultaneously with filing a workers' compensation claim, makes it possible for the employer and the carrier to offer the employee meaningful assistance in the prosecution of the third-party claim for the purpose of enhancing the em-

ployee's chances of recovery against the third party. By giving notice of the commencement of the third-party action, the employee also affords the employer and the carrier an opportunity to lend support to an effort that could possibly lead to the recovery by the carrier of some or all the amount that might later be paid as compensation to the injured employee under the Workers' Compensation Act.

In any case, the principal objective sought by Section 42-1-560 is "to effect an equitable adjustment of the rights of *all* the parties." *Fisher v. South Carolina Department of Mental Retardation-Coastal Center*, 277 S. C. at 575, 291 S. E. (2d) at 201. [Emphasis theirs.] An equitable adjustment of the rights of all the parties could scarcely be accomplished if the rights of some of the parties, namely the employer and the carrier, were made to depend on whether the employee chooses to prosecute his or her third-party action before or simultaneously with filing a workers' compensation claim. A rule regarding election of remedies that is the same in both instances better promotes the principal objective of Section 42-1-560 and is more in keeping with the spirit of the Workers' Compensation Act.

Reversed.

GARDNER and CURETON, JJ., concur.