**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Amy Perez, Claimant, Appellant,

v.

Aman Medical Transport, LLC, Employer, and SC Uninsured Employers' Fund, Carrier, Respondents.

Appellate Case No. 2023-001944

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2025-UP-071
Submitted February 19, 2025 – Filed February 26, 2025

———————

**AFFIRMED**

———————

Andrew David Smith, of Poulin, Willey, Anastopoulo, LLC, of Charleston, for Appellant.

Samuel Thompson Brunson, of Samuel T. Brunson Law Offices, of Florence; and Lisa C. Glover, of Columbia, both for Respondent SC Uninsured Employers' Fund.

———————

**PER CURIAM:** This is a workers' compensation case arising out of a car accident. Amy Perez was driving an ambulance owned by her employer, Aman Medical Transport, LLC (Aman Medical), when a collision occurred between the ambulance and a vehicle driven by a third party. Perez suffered substantial injuries

and sought workers' compensation benefits from Aman Medical. The South Carolina Uninsured Employers' Fund (the Fund) was named as the carrier. While the case was pending before the commission, Perez settled with the third party. The commission found that this settlement was an "election of remedy" and that Perez had waived her rights to any workers' compensation benefits. We affirm pursuant to Rule 220(b), SCACR.

The law allows a claimant to "proceed against both the employer-carrier and [a] third party tort feasor" for job-related injuries. *Fisher v. S.C. Dep't of Mental Retardation-Coastal Ctr.*, 277 S.C. 573, 575, 291 S.E.2d 200, 201 (1982). But to do so, the claimant must comply with section 42-1-560 of the South Carolina Code (2015). *Fisher*, 277 S.C. at 575, 291 S.E.2d at 201. Section 42-1-560(b) "provides for a lien in favor of the carrier on the proceeds of any recovery from the third party." *Hudson v. Townsend Saw Chain Co.*, 296 S.C. 17, 22, 370 S.E.2d 104, 107 (Ct. App. 1988). The statute also requires notice of a third-party action to the employer, carrier, and commission for the purpose of preventing "any prejudice to the employer and carrier 'as a result of the employee's decision to attempt a third-party recovery.'" *Id.* at 20, 22, 370 S.E.2d at 106–07 (quoting 2A LARSON § 73.30 at 14–336 (1987)). It follows that a settlement made between an injured employee and a third party, without the carrier's consent, constitutes an election of remedy and a waiver of the employee's rights to workers' compensation benefits. *Fisher*, 277 S.C. at 575, 291 S.E.2d at 201; *see also Johnson v. Pennsylvania Millers Mut. Ins. Co.*, 292 S.C. 33, 38–39, 354 S.E.2d 791, 794 (Ct. App. 1987) (reiterating *Fisher*'s holding that a claimant's settlement with a third party without the carrier's consent and without regard to the carrier's lien is an election of remedy and bars workers' compensation).

These principles clearly apply to the case at hand. The Fund had a right to any third-party recovery that Perez obtained. Nevertheless, Perez settled her third-party claims without giving proper notice to the Fund or obtaining the Fund's consent. The fact that Perez never commenced an action against the third party is of no moment because, as already noted, an injured person must comply with the statute in order to seek both a tort recovery and workers' compensation benefits. *See Fisher*, 277 S.C. at 575, 291 S.E.2d at 201. Perez's actions ultimately stripped the Fund of its right to reimbursement. Accordingly, we conclude Perez elected her remedy and waived her right to seek workers' compensation benefits.

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, HEWITT, and CURTIS, JJ., concur.**