THIS OPINION
 HAS NO PRECEDENTAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Betty J.
 Murphy, Respondent,
 
 
 

v.

 
 
 
 Bi-Lo, Inc. and
 MAC Risk Management, Appellants.
 
 
 

Appeal From Dorchester County
 Diane Schafer Goodstein, Circuit Court
Judge

Unpublished Opinion No. 2011-UP-428
 Heard September 14, 2011  Filed September
26, 2011    

AFFIRMED

 
 
 
 Michael W. Burkett and Sarah S. Alphin, both
 of Columbia, for Appellants.
 John C. Land, III and Ricci Land Welch, both
 of Manning, for Respondent.
 
 
 

PER CURIAM:  This appeal arises out of an order of
 the South Carolina Workers' Compensation Commission (the Commission) that was
 affirmed by the circuit court.  Appellants Bi-Lo, Inc. and MAC Risk Management
 claim the Commission erred in:  (1) granting Respondent Betty Murphy's motion
 to amend her pleadings to allege a new date of accident; (2) selecting a date
 of accident and theory of recovery not contained within Murphy's pleadings; (3)
 finding Murphy sustained an injury by accident arising out of her employment; and
 (4) finding Murphy totally disabled by combining her right leg injury with
 preexisting impairments.  We affirm.
1.  As to Appellants'
 arguments that the Commission erred by granting Murphy's motion to amend her
 pleadings and by selecting a date of accident not contained in the pleadings,
 we find these arguments are not preserved for appellate review based on the
 record presented to this court on appeal.  See Rule 210(h), SCACR
 ("Except as provided by Rule 212 and Rule 208(b)(1)(C) and (2), the
 appellate court will not consider any fact which does not appear in the Record on
 Appeal."); Leggett v. Smith, 386 S.C. 63, 74 n.3, 686 S.E.2d 699,
 705 n.3 (Ct. App. 2009) (noting the appellant bears the burden of providing the
 court with an adequate record on appeal).  Even if these arguments are
 preserved for review, we find no error of law.  See S.C. Code Ann. §
 1-23-380(5) (Supp. 2010) (providing the standard of review for appeals from the
 Commission); Callahan v. Beaufort Cnty. Sch. Dist, 375 S.C. 92, 95, 651
 S.E.2d 311, 313 (2007) (holding an appellate court may reverse where the
 decision is affected by an error of law).  
2. As to Appellants'
 arguments that the Commission erred by awarding Murphy benefits for her injury
 and by combining her injury with preexisting impairments, we find the
 Commission's order is supported by substantial evidence.  See Bartley
 v. Allendale Cnty. Sch. Dist., 392 S.C. 300, 306, 709 S.E.2d 619, 622
 (2011) ("As a general rule, this Court must affirm the findings of fact
 made by the Commission if they are supported by substantial evidence."); Id. ("The possibility of drawing two inconsistent conclusions from the
 evidence does not prevent the Commission's finding from being supported by
 substantial evidence.").  
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.